JEFFERSON.
April, 1817.

Burge
v.
Bigelow.

## BURGE vs. BIGELOW

Where money is to become due on the happening of an event, which lies equally in the knowledge of both parties, a demand is not necessary, previous to bringing suit.

COVENANT.

The declaration was as follows, viz.—" For that whereas, heretofore, to wit, on, &c. at, &c. by a certain article of agreement then and there made, the date whereof is the day and year last aforesaid, between the said George [Burge] of the one part, and the said Asher [Bigelow] of the other part, sealed with the seals of the said George and Asher, (which, &c.) it was agreed, that the said George should do the carpenter work of a stable and house for the said Bigelow, and that said buildings, when finished, should be measured according to the rule of measuring carpenter work, with the deduction of ten per cent, on the measure—and the said Asher then and there, in and by the said article of agreement, did further covenant and agree with the said George, to pay the said George for the said work according to the bill of prices laid down for carpenter's work; and the said Asher did, in and by the said article of agreement, then and there further covenant and agree with the said George, to pay the workmen employed by the said George at said buildings, the sum of five dollars at the end of every week they might have worked; and to pay the balance that should be due, after paying the workmen, as aforesaid, when the said buildings should be finished, one half in hand, and the other half in six months from the time the said buildings should be finished. In pursuance of which agreement the said George afterwards, to wit, on, &c. began, with his workmen, the carpenter work of the said buildings, and continued to work at the same until it was finished, to wit, on, &c. at &c. and the said George in fact saith, that a large number of, to wit, twenty-seven week's work, were performed at said buildings, by the workmen of him the said George, of which the said Asher then and there had notice, yet the said Asher, although requested so to do, did not, nor would pay to the workmen of him the said George, or any of them, the sum of five dollars, or any part thereof, at the end of each, and or any week they so worked, or at any other time; and the said George, further saith, that the said buildings, after they were finished, to

wit, on the, &c. were measured by N. M. and J. F. accord-    JEFFERSON.
ing to the rules of measuring carpenter's work, of which    April, 1817.
the said Asher then and there had notice; and that when    Burge
the said buildings were so finished, after deducting ten per    v.
Bigelow.
cent. from the said measurement, a large sum, to-wit, six hundred and
fifty dollars, was due to the said George, one-half of which, or any
part thereof, the said Asher has wholly neglected and refused to pay;
and so the said George in fact saith, that the said Asher, although
often requested so to do, hath not kept his said covenants so by him
made as aforesaid, but hath broken the same," &c.

After a verdict for the plaintiff, the defendant, by GOODENOW his
attorney, moves, in arrest of judgment, for "that the declaration does
not contain an averment of a demand of the money due on finishing
of said buildings, such as the law and practice of our courts requires."

HALLOCK and WRIGHT, contra, cited 1st Chitty 319 and 324.

PRESIDENT.—By the agreement set forth in this declaration, the
plaintiff covenanted to do the carpenter work of a stable and house
for the defendant, and the defendant covenanted to pay the workmen
employed by the plaintiff at the building, five dollars at the end of
every week they might have worked, and to pay the balance that should
be due after paying the workmen, when the building should be finished,
one-half in hand, and the other half in six months from the time the
buildings should be finished; and the question now is, whether the
plaintiff can sustain his action, there having been no demand made of
the money previous to bringing this suit? In the case of Wallis vs.
Scott, 1st Strange 88, the plaintiff declared that the defendant, in con-
sideration the plaintiff would make him a set of sails worth forty-five
pounds, promised to pay so much for them upon request; and it was
held that a special request need not be averred, for on the making the
sails, the money immediately become due, and that it differed from the
case when the payment is to be made to a third person, or where an
award directs a request. This decision accords with the rule of law
laid down in Com. Dig. Pleader, C. 69—"if the action be for a collat-
eral sum to be paid on request, the request is parcel of the agreement,
and traversable, and ought to be specially alledged, with the time and
place of the request."

This agreement was not for a collateral sum to be paid on request,
for on the doing of the work the money immediately became due to
the extent now claimed. Neither by the express or implied terms, of
this contract, was a request to pay money a condition precedent to the

JEFFERSON.     plaintiff's right of recovery.  At the end of each week the
April, 1817.  ⸫ payment of five dollars became a duty which the defendant
Gray        was bound, by his covenant, to take notice of and perform ;
v.          so when the work was finished, no notice was necessary to
Ayres.
be given, or demand made, of payment, because the performance of
the work, and the consequent indebtedness of the defendant, was not
more properly in the knowledge of the plaintiff than of the defendant,
and the latter was, therefore, bound to take notice of it, and make pay-
ment at his peril.

Motion overruled.